## COBB REAL ESTATE COMPANY *et al. v.* HOLMES:

The petition did not set forth a cause of action, and the judge erred in refusing to dismiss it on general demurrer.

AUGUST 19, 1912.

Equitable petition. Before Judge Thomas. Colquitt superior court. April 4, 1911.

*Shipp & Kline* and *L. L. Moore,* for plaintiffs in error.

*E. K. Wilcox* and *T. H. Parker,* contra.

ATKINSON, J. James Holmes brought an action against the Cobb Real Estate Company, a corporation, and two named individuals, to recover a described parcel of land, mesne profits, and damages for trespass on the land, and for injunction against further trespass. It appeared from the petition that the defendant corporation claimed the land sued for, under a conveyance from the plaintiff. The petition was amended by allegations that the conveyance from the plaintiff to the defendant corporation was made to embrace the land sued for, by fraud practiced upon the plaintiff; and there

was a prayer for the reformation of the conveyance. The substance of the allegations as to such fraud was: Plaintiff sold to Aycock certain described land and executed to him a bond for title, in which the land sold was described as in effect all of a certain lot except described portions thereof belonging to other parties. The bond contained a stipulation that the land sold should be subsequently surveyed by a competent surveyor, and that when so surveyed Aycock should pay to plaintiff a given sum cash and execute his notes, to mature at stated times, for the balance of the purchase-price, the sum of the notes to be determined by the number of acres it should be found by the survey that the tract contained, and at a stated price per acre. A part of the land was afterwards surveyed and subdivided into town lots by agreement of plaintiff and Aycock, and the boundaries of the same marked and agreed upon between them, and the plat made by the surveyor filed and recorded in the office of the clerk of the superior court of the county where the land was situated. Aycock made the cash payment. After this the Cobb Real Estate Company was incorporated, and Aycock became a large stockholder therein and its president. He then informed the plaintiff that he had transferred the bond for title to the Cobb Real Estate Company, which was ready to pay the balance of the purchase-price of that part of the land which had been surveyed and platted, and requested the plaintiff to convey such land to the corporation. Plaintiff expressed his willingness to do so, and found that Aycock had a deed already prepared for him to sign. Before signing the deed plaintiff inquired of Aycock if the land described in the deed prepared at Aycock's instance described the land in accordance with the survey that he and Aycock had the surveyor to make, and a plat of which survey had been recorded, as stated. Aycock replied in the affirmative; and thereupon the plaintiff, having confidence in Aycock, and relying upon his representation that the deed he presented to plaintiff described the land in accordance with such survey and plat, executed the same to the Cobb Real Estate Company and delivered it to Aycock as president of the company. Subsequently the plaintiff discovered that Aycock had practiced a fraud upon him, in that Aycock had had another and different survey and plat of the land made without the knowledge or consent of plaintiff, which last survey and plat embraced the land sued for, whereas the first survey and plat which

had been agreed upon between them did not embrace the land sued for. The plaintiff could read and write, but had no knowledge of surveying, and was unable to ascertain from the description of the land in the deed presented to him by Aycock whether it differed from the plat of the survey which was first made of the land sold to Aycock, and which had been agreed to between them.

An examination of the bond for title given by the plaintiff to Aycock discloses the fact that the description of the land covers all the land described and conveyed by plaintiff to the Cobb Real Estate Company; and this being true, we are unable to understand how the plaintiff has been defrauded, even though there may have been a material variance between the two surveys. The plaintiff has conveyed to the defendant company no more land than he was legally bound to convey under his bond. This conveyance, being only to that part of the land described in the bond for title which was surveyed, does not satisfy the bond. The defendant corporation, to whom the bond for title was assigned, is still entitled, upon payment of the agreed price per acre, to have the plaintiff convey the balance of the land described in the bond for title. There is no allegation that the acreage covered by the new plat was misstated, and thereby that the defendant procured a deed covering more acres than was paid for. But the allegation is that it embraced the land sued for, which was land which the plaintiff had never agreed to sell either to defendant corporation or to any one else. This allegation, however, is not borne out by the bond for title, which controls, it appearing from that instrument that the plaintiff intended to sell all the land in the specified original land lot which lay west of the Georgia Northern Railroad, except the three described lots which were recited as being owned by other persons, thus showing an intention to sell all of that lot which he owned west of the said railroad, reserving to himself none of it. The land in dispute was some of the land which lay west of the railroad; and consequently the defendant, upon payment of the purchase-price, was entitled to a deed; and it makes no difference that it might not have been included in the survey of the town lots. As there was no ground alleged for reforming the deed, and the deed concluded the plaintiff as to his right to recover the land, the judge erred in refusing to dismiss the petition on general demurrer.            *Judgment reversed. All the Justices concur.*